**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4048**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD TERRELL WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (3:06-cr-00022-WCB)

Submitted:  October 29, 2007      Decided:  November 15, 2007

Before MICHAEL and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Robert E. Barrat, Martinsburg, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On May 16, 2006, Donald T. Washington was charged with possession with intent to distribute approximately 1.33 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Washington entered a plea agreement with the United States, and on August 21, 2006, Washington pled guilty to possession with intent to distribute cocaine base. Washington's plea agreement contained a waiver of appellate rights.

Prior to Washington's sentencing, the probation office compiled a presentence report and calculated an advisory guidelines range of 151-188 months' of imprisonment. At sentencing, the district court imposed a sentence of 156 months' imprisonment.

On appeal, Washington has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he questions whether he should have been determined to be a career offender and whether his sentence is too long. Washington has also filed a pro se supplemental brief. In his pro se brief, Washington alleges four separate errors: (1) use of his prior convictions to enhance the applicable statutory range violated his Sixth Amendment right to a jury trial; (2) he was deprived of competent counsel; (3) his career offender status overrepresents the seriousness of his criminal history and likelihood of recidivism; and (4) the factors in 18 U.S.C. § 3553(a) (2000) support a significantly lower sentence than that recommended by his advisory guidelines range.

- 2 -

In response, the Government has filed a brief invoking the waiver of appellate rights in Washington's plea agreement.

This Court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68.

Here, according to the terms of his plea agreement, Washington waived the right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Washington's sentence of 156 months is within the statutory maximum of twenty years. 21 U.S.C.A. § 841(c) (West 2000 and Supp. 2007). Notably, Washington does not attack the validity of his plea agreement or waiver of appellate rights. At Washington's Rule 11 hearing, the district court conducted a thorough colloquy with Washington and specifically questioned him

about whether he understood he was waiving his right to appeal. The district court properly concluded that Washington's plea was freely and voluntarily made and accepted Washington's plea. As Washington knowingly and voluntarily waived his right to appeal and as his sentencing claims fall squarely within the terms of his appellate waiver, we dismiss Washington's appeal.[*]

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore dismiss Washington's appeal. This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[*]To the extent that Washington claims he received ineffective assistance of counsel, his claim is not cognizable on direct appeal. <u>See</u> <u>United States v. Gastiaburo</u>, 16 F.3 582, 590 (4th Cir. 1994). Rather, it must be pursued in an appropriate post-conviction proceeding brought pursuant to 28 U.S.C. § 2255 (2000). Accordingly, Washington's ineffective assistance of counsel claim must likewise be dismissed.